UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN IRIZARRY, on his own behalf
and all similarly situated individuals,

     Plaintiff,

v.                                  CASE NO.:

CLASSIC CARPET DYERS, INC. a Florida Profit
Corporation, and
GERALD CIGARRAN, individually,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN IRIZARRY ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, CLASSIC CARPET DYERS, INC. ("CCDI", and GERALD CIGARRAN ("CIGARRAN"), individually, (collectively, "Defendants") and states as follows:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3.     At all times material hereto, Plaintiff was, and continues to be a resident of Hillsborough County, Florida.

4.     At all times material hereto Defendant, CCDI was a Florida Profit Corporation.   Further, at all times material hereto, Defendant, CCDI was engaged in business in Florida, with a principle place of business in Hillsborough, Florida.

5.     At all times relevant to this action, Defendant, HJM was an individual resident of the State of Florida, who managed and operated CCDI.

6.     At all times relevant to this action, Defendant, HJM regularly exercised the authority hire and fire employees of CCDI.

7.     At all times relevant to this action, Defendant, HJM determined the work schedules for the employees of CCDI;

8.     At all times relevant to this action, Defendant, HJM controlled the finances and operations of CCDI.

9.     At all times relevant to this action, Defendant, HJM was an employer as defined by 29 U.S.C. 201 et. seq.

10.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, because he was responsible for using cleaning products, manufactured outside of the State of Florid, in the dwellings of Defendants' customers (i.e. the end-users).

11.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

12.     At all times material hereto, Defendants were the "employers" within the

meaning of FLSA.

13.     Defendants were, and continue to be, "employers" within the meaning of FLSA.

14.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

15.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had multiple employees who drove vehicles, handled cleaning products and used tools, all necessary for Defendants' business that were manufactured outside the State of Florida.

18.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

19.     At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that he regularly handled out of state checks.

20.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

21.     The additional persons who may become plaintiffs in this action are/were non-exempt "service technicians" employees of Defendants, who held similar positions

to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or who worked for Defendants in one or more work weeks and were not paid at least minimum wage for all hours worked.

22.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

### STATEMENT OF FACTS

23.     On or about August 2013, Defendants hired Plaintiff to work as a non-exempt "Carpet Technician."  Plaintiff's job was to clean and restore damaged carpets for commercial clients.

24.     Plaintiff was paid a commission based upon the revenues generated by the jobs her performed.

25.     Plaintiff was not paid for all hours worked, including hours travel time and on-call time. Additionally, Defendant manipulated Plaintiff's time records to reduce the number of hours Plaintiff worked each week.

26.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

27.     From at least August 13, 2013 and continuing through July 2015, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as

required by the FLSA.

28. Defendants have violated Title 29 U.S.C. §206 and 207 from at least August of 2013 and continuing through July of, 2015, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

29. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff re-alleges and re-avers paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. From at least August 13, 2013 and continuing through July 2015, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was, and is entitled to be paid at the statutory rate of one and

one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33.     At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

34.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

35.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

36.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

38.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

39.     Based upon information and belief, the employees and former employees

of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

## COUNT II
## UNPAID WAGES UNDER COMMON LAW

40.    Plaintiff re-alleges and re-avers paragraphs 1 through 29 of the Complaint as if fully set forth herein.

41.    During the statutory period, Plaintiff worked for Defendants and Defendants agreed to pay Plaintiff for Plaintiff's services.

42.    Defendants failed and refused to compensate Plaintiff all wages owed to Plaintiff.

43.    As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully requests:

a.   A jury trial on all issues so triable;

b.   That process issues and the Court take jurisdiction over this case;

c.   Judgment against Defendant in an amount equal to Plaintiff's unpaid back wages;

d.   All costs and attorneys' fees incurred prosecuting these claims pursuant to Fla. Statute §448.08; and

e.   For such relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 11tth day of December, 2015.

Respectfully submitted,

**/s/ Marc R. Edelman**
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
Email: Medelman@forthepeople.com
Morgan & Morgan, P.A.
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
Attorney for Plaintiff