UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUAN IRIZARRY on his own behalf
all similarly situated individuals

            Plaintiff,

vs.                                  Case No.: 8:15-cv-2851-RAL

CLASSIC CARPET DYERS, INC.
a Florida profit corporation, and
GERALD CIGARRAN, individually

            Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff JUAN IRIZARRY ("Plaintiff"), and CLASSIC CARPET DYERS, INC. a Florida profit corporation, and GERALD CIGARRAN, individually ("Defendants") collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter and dismiss this matter with prejudice. Since Plaintiff's claims arise, in large part, under the Fair Labor Standard Act ("FLSA"), settlement of this matter must be approved by this Court. A copy of the settlement agreement between the Parties is attached as Exhibit "A."

    **I**.    **Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid

1

wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee or former employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee' FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the matter action involves a situation in which the Court may approve the Parties' settlement to resolve the Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiffs against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiffs and Defendants were both represented by counsel experienced in FLSA matters.

The Parties agree that the instant action involves disputed issues. Such issues included whether Plaintiff was employed by Defendants, whether Plaintiff worked for Defendants more than 40 hours in one or more workweeks, whether Plaintiff was owed "overtime" pay pursuant to the FLSA, and if overtime damages were due, whether liquidated damages were appropriate.

Plaintiff was originally hired by Defendants as a carpet cleaning technician. Plaintiff separated employment and was rehired in 2013 as a senior service technician. His duties were to service the customers of Classic Carpet Dyers, Inc. which included carpet cleaning and other responsibilities. Plaintiff used a time clock to track his time worked. When Plaintiff failed to clock in or out, the office staff would call the Plaintiff to obtain his time. Plaintiff claimed that the times entered by the office staff were not accurate, a claim denied by Defendants.

Plaintiff was also "on call" during certain days or weeks and Plaintiff claims his time was not accurately recorded during this on call work. This claim was also denied by Defendant.

Finally, the Parties agree that Plaintiff's pay was, in part, based on commissions he generated. Such commissions were converted to an hourly rate of pay and overtime was calculated based on the hourly rate. Plaintiff claims that the way in which his pay was calculated violated the FLSA. Defendants also deny that claim.

While Defendants do not agree that any unpaid wages are owed, Defendants agree to make certain damage payments as described below to avoid the expense and uncertainty of litigation. Plaintiff agrees that he has not compromised his claims and is to be paid all monies allegedly owed them.

The Parties further believe this is a fair and reasonable settlement.

**II.**     **Terms of Settlement**

The total gross settlement Defendant has agreed to pay will settle all claims raised by Plaintiff and any legal fees due to them attorneys is as follows:

A. **DAMAGES:** The parties have agreed to settle Plaintiff's claims for a total of $4,500.00. Such amount includes alleged unpaid compensation, liquidated damages and compensation to cover any tax liability incurred by Plaintiff.

Defendants agreed to compromise and pay overtime compensation allegedly owed, as well as liquidated damages. After settlement negotiations, and analyzing the time and pay records and the factual and legal disputes, Plaintiff has agreed to accept the gross sum $4,500.00 to resolve his claims in full.

B. **ATTORNEY'S FEES/COSTS.** Plaintiffs' counsel will receive $7.500.00 in attorney's fees and costs. The Parties have agreed this is a reasonable fee under the circumstances of this case. Attorney's fees were negotiated separately from Plaintiffs' recovery and without regard to the amount of Plaintiffs' recovery. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009); *see also Passeri v. Apria Healthcare, Inc.*, Case No. 3:09-cv-257, at 2 f.3 (M.D. Fla. Feb. 3, 2010).

**WHEREAS,** for the reasons more fully explained herein, the Parties jointly and respectfully request that this Court approve the settlement agreement between Plaintiff and Defendants and dismiss the instant action with prejudice.

Respectfully submitted this 8th day of December, 2016.

| | |
|---|---|
| **/s/Robert Blanchfield** | **/s/Marc Edelman** |
| Robert Blanchfield, Esq. | Marc Edelman |
| Robert Blanchfield, P.A. | Morgan & Morgan, P.A. |
| 127 W Fairbanks Ave. | 201 N Franklin Street, #700 |
| Suite 272 | Tampa, FL 33602 |

4

| | |
|---|---|
| Winter Park, FL 32789 | Main No.: 813-223-5505 |
| 407 497-0463 | Facsimile No: 813 257-0572 |
| Fax 866 530-8441 | Florida Bar No. 096342 |
| Bar No 3601800 | Email: medelman@forthepeople.com |
| Bob@Blanchfieldlawfirm.com | Counsel for Plaintiff |
| Attorneys for Defendants | |

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of December 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this matter.

/s/ Marc R. Edelman