# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into by and between JUAN IRIZARRY ("Plaintiff") and CLASSIC CARPET DYERS, INC, a Florida Profit Corporation and GERALD CIGARRAN, individually ("Defendants") (collectively, the "Parties").

**WHEREAS,** PLAINTIFF filed Case No. 8:15-2851, in the District Court for the Middle District of Florida for alleged violation of the Fair Labor Standards Act;

**WHEREAS,** the parties wish to resolve this matter and avoid the disruption and expense of litigation;

**NOW, THEREFORE,** in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. This Agreement is not and shall not in any way be construed as an admission by any party of any wrongdoing or any violation of the Fair Labor Standards Act or any other violation of any statute, law or regulation. Defendants specifically deny any violation of the FLSA. Defendants specifically denies that Plaintiff was an employee of Defendant. The parties have entered into this agreement for the sole purpose of resolving the aforementioned civil litigation and to avoid the burden, expense, delay and uncertainties of litigation.

2. In consideration of this Agreement, and in full and final settlement of any claims which were made by Plaintiff in the aforementioned lawsuit, Defendant shall make total payments of $12000.00, inclusive of all attorneys and costs, as follows:

    A. Payment to Plaintiff shall be made as follows:

A payment of FOUR THOUSAND FIVE HUNDRED DOLLARS ($4,500.00) representing all damages allegedly owed to Plaintiff made payable to Plaintiff and to be paid by Defendants within ten days following receipt by Defense counsel of an Order Approving Settlement of this Matter and Dismissal of this Matter with Prejudice. Of the $4,500.00, $2,250 shall be considered alleged unpaid wages for which an IRS W2 will be issued to Plaintiff. The remaining $2,250 shall be considered liquidated damages. Defendants shall issue an IRS 1099 Form to Plaintiff regarding this payment. Plaintiff agrees that he is responsible for the calculation, reporting, and payment of any and all taxes that might arise in connection with the payment described above and that Defendants shall not be liable for any taxes that might accrue or arise in connection with this payment. If any taxing authority or court determines that taxes, interest, and/or penalties are due and owing as a result of the payment to Plaintiff said taxes, interest and/or penalties shall be the sole obligation and liability of Plaintiff who agrees to indemnify Defendants for any taxes owing, except for such liability which is caused by a wrongful action or inaction of Defendants. Plaintiff agrees that he shall not seek additional monies from Defendants for any taxes or other monies that may be due or for any other reason whatsoever, and;


EXHIBIT A

B. Payment for Attorney Fees

A payment of SEVEN THOUSAND FIVE HUNDRED DOLLLARS ($7,500.00) made payment to Morgan & Morgan, P.A. representing attorney's fees and costs. Such payment to be made by Defendants within ten days following receipt by Counsel for Defendants of an Order Approving Settlement and Dismissing this Matter with Prejudice   An IRS 1099 Form will be issued to counsel for Plaintiff regarding this payment.

All payments described above shall be mailed or hand delivered to Morgan & Morgan, P.A. to the attention of Marc Edelman

3.   In consideration and conditioned upon receipt of payment as described above, IRIZARRY does hereby release and forever discharge Defendants and any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendants and any of its past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys from any and all claims that were or could have been asserted in the aforementioned civil action.

4.   Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

5.   All parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

6.   This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof.  This Agreement may not be changed orally, and may only be modified in writing.  This Agreement shall be interpreted and construed under the laws of the State of Florida.  This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

7.   Plaintiff agrees he has not assigned or otherwise conveyed any rights under this Agreement.

8.   Plaintiff agrees not to enter Defendants' property including corporate offices for a period of five years following the date of the execution of this Agreement by Plaintiff.  The Parties agree that violation of this provision is a material breach of this Agreement and subjects Plaintiff to monetary damages for each such violation together with injunctive relief. The Parties further agree that, other than information which is otherwise public record, not to disclose the terms of this Agreement

9. Plaintiff agrees not to apply for employment with Defendants nor to contract work with Defendants or any parents, subsidiaries or related entities and that any application or offer to perform services made by Plaintiff or on their behalf shall be denied per this Agreement and Plaintiff also agree to withdraw any employment application or offer to perform services that they have made which is currently pending. If Plaintiff seeks employment or assignment at Defendants as an employee, contractor or consultant or is hired, Defendants shall have a legitimate and valid reason to deny that application and/or terminate the employee or contractual relationship once learning of that Plaintiff's hiring or assignment.

10. In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

11. This Agreement is entered into in the State of Florida, and its validity, construction, interpretation and administration shall be governed by the laws of the State of Florida and enforced in the Federal Courts in the State of Florida. In the event that either Party or their attorneys commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith, in addition to any damages owed, as determined by the court in any such action.

12. This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the parties, and the parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

13. This Agreement shall be binding upon PLAINTIFF and DEFENDANTS, and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of said parties and to their heirs, administrators, representatives, executors, successors and assigns.

DATED this **Dec** day of **5**, 2016.

PLAINTIFF:

_____
JUAN IRIZARRY

DEFENDANTS:

By: _____
GERALD CIGARRAN

By: _____
Authorized Agent of CLASSIC CARPET DYERS, INC.